**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern _____ District of Texas _____
                                    (State)

Case number (*If known*): _____ Chapter 11

Q  Check if this is an
   amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    02/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | ImPetro Resources, LLC |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 2 7 – 1 7 6 9 6 0 8 |

| | |
|---|---|
| 4. | **Debtor's address** |

**Principal place of business**

201 Main Street
Number    Street

Suite 700

Fort Worth                    TX    76102
City                    State    ZIP Code

Tarrant
County

**Mailing address, if different from principal place of business**

_____
Number    Street

_____
P.O. Box

_____
City    State    ZIP Code

**Location of principal assets, if different from principal place of business**

_____
Number    Street

_____

_____
City    State    ZIP Code

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | https://www.lilisenergy.com/ |

Debtor   **ImPetro Resources, LLC**
_____
<span style="font-size:small">Name</span>

Case number *(if known)*_____

---

**6. Type of debtor**

- ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
- ☐ Partnership (excluding  LLP)
- ☐ Other. Specify: _____

---

**7. Describe debtor's business**

A. *Check one:*

- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☑ None of the above

B. *Check all that apply:*

- ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

  2   1   1   1

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ☑ Chapter 11. *Check all that apply:*

  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

- ☐ Chapter 12

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

- ☑ No
- ☐ Yes.  District _____  When _____  Case number _____
                                          MM / DD / YYYY

   District _____  When _____  Case number _____
                                          MM / DD / YYYY

---

| Debtor | ImPetro Resources, LLC | Case number (if known) |
|---|---|---|
| | Name | |

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☑ Yes.  Debtor   See Schedule 1          Relationship _____

District   Southern District of Texas          When   06/28/2020
                                                      MM / DD / YYYY

Case number, if known _____

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No.

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?**  (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
What is the hazard?   See Schedule 2

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                              Number          Street

_____
City                                          State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

### Statistical and administrative information

---

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☑ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

---

Debtor  __ImPetro Resources, LLC_____  Case number (if known)_____
          Name

| | | |
|---|---|---|
| **15. Estimated assets** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☑ $100,000,001-$500 million | ☐ More than $50 billion |

| | | |
|---|---|---|
| **16. Estimated liabilities** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☑ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING** --  Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  __06/28/2020__
              MM / DD / YYYY

û _____          Joseph C. Daches
Signature of authorized representative of debtor    Printed name

Title  __Chief Executive Officer, President, __and Chief Financial Officer

**18. Signature of attorney**

û _/s/ Harry A. Perrin_____          Date  __06/28/2020__
Signature of attorney for debtor                         MM  / DD / YYYY

Harry A. Perrin
Printed name
Vinson & Elkins LLP
Firm name
1001 Fannin Street, Suite 2500
Number        Street
Houston                                         TX              77002
City                                            State           ZIP Code
(713) 758-2222                                  hperrin@velaw.com
Contact phone                                   Email address

15796800                                        TX
Bar number                                      State

Fill in this information to identify the case:

Debtor Name: <u>Impetro Resources, LL</u>C

United States Bankruptcy Court for the: <u>Southern District of Texas</u>

Case number (if known): _____

## Schedule 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

| |
|---|
| Lilis Energy, Inc. |
| Brushy Resources, Inc. |
| IMPETRO OPERATING LLC |
| Lilis Operating Company, LLC |
| Hurricane Resources LLC |

**Fill in this information to identify the case and this filing:**

Debtor Name      ImPetro Resources, LLC

United States Bankruptcy Court for the:      Southern      District of      Texas
                                                                                (State)

Case number (*If known*):      _____

---

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors      12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

---

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

- ☐ *Schedule H: Codebtors* (Official Form 206H)

- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

- ☐ Amended *Schedule* _____

- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

- ☒ Other document that requires a declaration__Schedule 1: List of Affiliated Debtors      _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  06/28/2020                    *[signature]*
                MM / DD / YYYY                  Signature of individual signing on behalf of debtor

                                               Joseph C. Daches
                                               Printed name

                                               Chief Executive Officer, President, and Chief Financial Officer
                                               Position or relationship to debtor

Fill in this information to identify the case:

Debtor Name: ImPetro Resources, LLC

United States Bankruptcy Court for the: Southern District of Texas

Case number (if known): _____

## Schedule 2

### Response to Question 12:

The above-captioned debtor (the "**Debtor**") and its affiliated debtors and affiliated non-debtors (collectively, the "**Company**") engage in the exploration, development, and production of oil and natural gas.  As disclosed in more detail in the Company's most recent Form 10-K filed with the Securities and Exchange Commission, the oil and natural gas business involves a variety of operating risks, including the risk of fire, explosions, blow outs, hydrogen sulfide emissions or releases, pipe failures and, in some cases, abnormally high pressure formations, which could lead to environmental hazards such as oil spills, natural gas leaks and the discharge of toxic gases.  The Company does not believe it owns or possesses any real or personal property that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety.  The Company notes that it is not aware of any definition of "imminent and identifiable harm" as used in this form.

**Fill in this information to identify the case and this filing:**

Debtor Name    ImPetro Resources, LLC

United States Bankruptcy Court for the:    Southern    District of    Texas
                                                                    (State)

Case number (*If known*):    _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐    *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐    *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐    *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐    *Schedule H: Codebtors* (Official Form 206H)

☐    *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐    Amended *Schedule _____*

☐    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑    *Other document that requires a declaration__Schedule 2:  Response to Question 12*    _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    06/28/2020                    û _____
                    MM / DD / YYYY              Signature of individual signing on behalf of debtor

                                               Joseph C. Daches
                                               Printed name

                                               Chief Executive Officer, President, and Chief Financial Officer
                                               Position or relationship to debtor

Official Form 202                    Declaration Under Penalty of Perjury for Non-Individual Debtors

<u>Secretary's Certificate</u>

The undersigned, being the Chief Executive Officer, President, and Chief Financial Officer of Lilis Energy, Inc. and each of its wholly owned subsidiaries (collectively, the "<u>Companies</u>"), does hereby certify, on behalf of the Companies and not in an individual capacity, as follows:

1.  I am the duly qualified and appointed Chief Executive Officer, President, and Chief Financial Officer of each of the Companies and, as such, am familiar with the facts herein certified, and I am duly authorized to certify the same on behalf of each of the Companies.

2.  Attached hereto as <u>Annex A</u> is a true, correct, and complete copy of the written consent adopted by the sole member of ImPetro Resources, LLC on June 28, 2020.

3.  The above referenced written consent has not been modified or rescinded, and are in full force and effects as of the date hereof.

*[Signature Page Follows]*

IN WITNESS WHEREOF, the undersigned has executed and caused this certificate to be delivered on behalf of the Companies as of the date first written above.

Lilis Energy, Inc.

By: _____

Name:  Joseph C. Daches

Title:   Chief Executive Officer, President, and
Chief Financial Officer

## <u>ANNEX A</u>

**WRITTEN CONSENT OF THE**

**SOLE MEMBER OF IMPETRO RESOURCES, LLC**

# WRITTEN CONSENT OF
# THE SOLE MEMBER OF
# IMPETRO RESOURCES, LLC

### June 28, 2020

The undersigned, being the sole member (the "**Sole Member**") of ImPetro Resources, LLC, a Delaware limited liability company (the "**Company**"), acting pursuant to the provisions of Section 18-302(d) of the Delaware Limited Liability Company Act, hereby approves, consents to and adopts the following recitals and resolutions and the actions therein authorized as the act of the Sole Member by written consent:

**WHEREAS**, the Board of Directors (the "**Parent Board**") of Lilis Energy, Inc., a Nevada corporation (the "**Parent Company**"), has studied and considered the financial condition of the Parent Company and its subsidiaries (collectively, the "**Parent Company Group**"), including the Parent Company Group's liabilities, contractual obligations and liquidity, the short-term and long-term prospects available to the Parent Company Group, the strategic alternatives available to the Parent Company Group and the related circumstances and situation, including the current and reasonably foreseeable future conditions in the oil and natural gas industry, the recent economic downturn, commodity price environment and uncertainties caused by the COVID-19 pandemic;

**WHEREAS**, the Parent Board, acting upon the recommendation of and through the Special Committee of the Parent Board, has authorized the Parent Company and certain of its subsidiaries (including the Company) to (i) execute that certain Restructuring Support Agreement (such agreement, together with the Restructuring Term Sheet attached thereto, the "**RSA**," and the series of transactions described therein, the "**Restructuring Transactions**") among (a) the Parent Company, (b) the Sole Member, a wholly owned subsidiary of the Parent Company, the Company, ImPetro Operating LLC, a Delaware limited liability company and wholly owned subsidiary of the Company ("**ImPetro Operating**"), Lilis Operating Company, LLC, a Texas limited liability company and wholly owned subsidiary of the Parent Company ("**Lilis Operating**"), and Hurricane Resources LLC, a Texas limited liability company and wholly owned subsidiary of the Parent Company ("**Hurricane**") (collectively, the "**Filing Subsidiaries**" and, together with the Company, the "**Debtors**"), (c) certain of the lenders under that certain Second Amended and Restated Senior Secured Revolving Credit Agreement dated as of October 10, 2018 (as amended, restated, supplemented, or otherwise modified from time to time, the "**RBL Credit Agreement**"), by and among the Parent Company, as borrower, the Filing Subsidiaries, as guarantors, BMO Harris Bank N.A., as administrative agent (the "**RBL Agent**"), the lenders party thereto (the "**RBL Lenders,**" together with the RBL Agent and the other secured parties thereunder, the "**RBL Secured Parties**") and (d) certain private funds affiliated with Värde Partners, Inc. (together with its affiliates, "**Värde**") and (ii) file or cause to be filed a voluntary petition for relief (the "**Chapter 11 Petition**") pursuant to Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, Houston Division, or another appropriate court (the "**U.S. Bankruptcy Court**"), and any and all documents necessary or convenient to effect, cause or promote the reorganization of the Debtors under Chapter 11 of the Bankruptcy Code, pursuant to the Plan and in accordance with the RSA;

WHEREAS, the Sole Member, based on its review and consideration of the financial condition of the Parent Company Group, including the Parent Company Group's liabilities and liquidity, the short-term and long-term prospects available to the Company Group, the strategic alternatives available to the Parent Company Group and the related circumstances and situation, including the current and reasonably foreseeable future conditions in the oil and natural gas industry, has determined that it is advisable and in the best interests of the Company to, (i) enter into the RSA and (ii) concurrently with the Parent Company, file or cause to be filed the Chapter 11 Petition with the U.S. Bankruptcy Court pursuant to Chapter 11 of the Bankruptcy Code;

WHEREAS, as contemplated by the RSA, certain RBL Lenders (the "*DIP Lenders*") have agreed to provide post-petition financing (the "*DIP Facility*") to the Parent Company under that certain Senior Secured Super-Priority Debtor-in-Possession Credit Agreement (the "*DIP Credit Agreement*," and together with any related security agreements, fee letters, and other documents required to be executed or delivered by or in connection with the DIP Credit Agreement (as may be amended, restated, supplemented, or otherwise modified from time to time in accordance with the terms thereof and the applicable orders of the court, collectively the "*DIP Documents*"), by and among the Parent Company, as borrower, the Filing Subsidiaries, as guarantors, the RBL Agent, as agent (in such capacity, the "*DIP Agent*"), and the lenders party thereto, as DIP Lenders;

WHEREAS, the Debtors will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "*Cash Collateral*"), which is subject to the liens of the RBL Secured Parties;

WHEREAS, the Company intends, concurrently with the Parent Company, to file or cause to be filed with the U.S. Bankruptcy Court a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code; and

WHEREAS, after review of (i) the financial condition of the Company, the current and reasonably foreseeable future conditions in the oil and natural gas industry, the outlook for the Company's business and the other alternatives available to the Company, (ii) the terms of the RSA and related documentation, (iii) the availability of the DIP Facility and consensual use of the Cash Collateral and (iv) such other considerations as the Sole Member deems relevant, the Sole Member, following consultation with the financial and legal advisors to the Company, has determined that it is advisable and in the best interests of the Company to enter into the RSA and pursue the restructuring of the Debtors under the Bankruptcy Code as contemplated therein and as approved in these resolutions.

### *Restructuring Support Agreement*

NOW, THEREFORE, BE IT RESOLVED, that the Sole Member hereby authorizes and approves, in all respects, the Company's entry into the RSA, together with any other agreements or documentation relating thereto (collectively, the "*Restructuring Support Documents*"), and the performance of the Company's obligations thereunder;

FURTHER RESOLVED, that the Sole Member hereby authorizes and empowers each of the officers of the Company, including Joseph C. Daches and Christa Garrett (collectively, the "*Authorized Officers*") to take such actions and negotiate or cause to be prepared and negotiated

and to execute, file, and deliver the Restructuring Support Documents, with such changes, additions, and modifications thereto as the Authorized Officers executing the same shall approve, such approval to be conclusively evidenced by any Authorized Officer's execution or delivery thereof, cause the Company to perform its obligations under the Restructuring Support Documents, or any amendments or modifications thereto that may be contemplated by, or required in connection with, the Restructuring Transactions or the Chapter 11 case pursuant to the Bankruptcy Code (the "***Chapter 11 Case***"), and incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, as any Authorized Officer shall in his or her judgment determine to be necessary or appropriate to consummate the Restructuring Transactions, which determination shall be conclusively evidenced by such Authorized Officer's execution or delivery thereof;

### *Chapter 11 Filing*

**FURTHER RESOLVED**, that the Sole Member hereby determines that it is advisable and in the best interests of the Company to file a Chapter 11 Petition pursuant to Chapter 11 of the Bankruptcy Code with the U.S. Bankruptcy Court;

**FURTHER RESOLVED,** that the Sole Member hereby authorizes the Company to file or cause to be filed a Chapter 11 Petition pursuant to Chapter 11 of the Bankruptcy Code with the U.S. Bankruptcy Court;

**FURTHER RESOLVED**, that the Sole Member hereby authorizes and empowers each Authorized Officer, acting alone or with one or more other Authorized Officers, to execute, deliver, and file or cause to be filed with the U.S. Bankruptcy Court on behalf of the Company, the Chapter 11 Petition, in such form as prescribed by the official forms promulgated pursuant to the Bankruptcy Code;

**FURTHER RESOLVED**, that the Sole Member hereby authorizes and empowers each Authorized Officer to execute, deliver, and file or cause to be filed with the U.S. Bankruptcy Court, on behalf of the Company, all papers, motions, applications, schedules, and pleadings necessary, appropriate, or convenient to facilitate the Chapter 11 Case and all of its matters and proceedings, and any and all other documents necessary, appropriate, or convenient in connection with the commencement or prosecution of the Chapter 11 Case, each in such form or forms as the Authorized Officer may approve on behalf of the Company;

**FURTHER RESOLVED**, that the Sole Member hereby authorizes and empowers each Authorized Officer to execute, deliver and file or cause to be filed with the U.S. Bankruptcy Court, on behalf of the Company, all papers and pleadings that such Authorized Officers believe to be necessary or desirable to effect, cause or further the reorganization of the Company under Chapter 11 of the Bankruptcy Code and any and all other documents, including a plan of reorganization providing for the restructuring, reorganization or liquidation of the Company, and a disclosure statement related thereto, together with any amendments or modifications thereto, or any restatements thereof;

**FURTHER RESOLVED**, that the Sole Member, acting on behalf of the Company in its capacity as the sole member of ImPetro Operating, hereby authorizes ImPetro Operating to file or cause to be filed with the U.S. Bankruptcy Court, a voluntary petition for relief pursuant to Chapter

11 of the Bankruptcy Code, in accordance with the terms of the RSA and consistent with these resolutions, and ImPetro Operating is hereby authorized and empowered to take such actions as are necessary to accomplish the same consistent with these resolutions;

### *Debtor-in-Possession Financing, Cash Collateral and Adequate Protection*

**FURTHER RESOLVED**, that the Sole Member hereby determines that the Company will obtain benefits from the loans and other financial accommodations provided under the DIP Facility and the DIP Documents and the consummation of the Financing Transactions (as defined below) provided under the DIP Facility and the DIP Documents, which are necessary and appropriate to the conduct, promotion and attainment of the business of the Company;

**FURTHER RESOLVED**, that the Sole Member hereby authorizes and approves, in all respects, the Company's entry into the DIP Credit Documents and the performance of its obligations thereunder;

**FURTHER RESOLVED**, that the Sole Member hereby authorizes and empowers each Authorized Officer to take such actions and negotiate or cause to be prepared and negotiated and to execute, file and deliver the DIP Documents, with such changes, additions and modifications thereto as any Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by such Authorized Officer's execution or delivery thereof, cause the Company to perform its obligations under the DIP Documents, or any amendments or modifications thereto that may be contemplated by, or required in connection with, the Restructuring Transactions or the Chapter 11 Case, and incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, as any such Authorized Officer shall in his or her judgment determine to be necessary or appropriate to consummate the Restructuring Transactions, which determination shall be conclusively evidenced by such Authorized Officer's execution or delivery thereof;

**FURTHER RESOLVED**, that the Sole Member hereby authorizes the Company to: (i) undertake any and all transactions contemplated by the DIP Documents, on substantially the terms and subject to the conditions set forth in the DIP Documents or as may hereafter be fixed or authorized by the Sole Member or any Authorized Officer; (ii) borrow funds from, provide guaranties to, pledge its assets as collateral to and undertake any and all related transactions contemplated thereby (collectively, the "*Financing Transactions*" and each such transaction a "*Financing Transaction*") with the DIP Lenders and on such terms as may be approved by any Authorized Officer, as reasonably necessary or appropriate for the continuing conduct of the affairs of the Company; (iii) execute and deliver and cause the Company to incur and perform its obligations under the DIP Documents and Financing Transactions; (iv) finalize the DIP Documents and Financing Transactions, consistent in all material respects with the drafts thereof that have been presented to and reviewed by the Sole Member; and (v) pay related fees and grant security interests in and liens upon some, any or all of the Company's assets, as may be deemed necessary by any Authorized Officer in connection with such Financing Transactions;

**FURTHER RESOLVED**, that the Sole Member hereby authorizes and empowers each Authorized Officer to take such actions and negotiate or cause to be prepared and negotiated and to execute, file, deliver and cause the Company to incur and perform its obligations under the DIP

Documents, any hedging agreements, any secured cash management agreements, and all other agreements, instruments and documents (including, without limitation, any and all other intercreditor agreements, joinders, mortgages, deeds of trust, consents, notes, pledge agreements, security agreements, control agreements, interest rate swaps, caps, collars or similar hedging agreements and any agreements with any entity (including governmental authorities) requiring or receiving cash collateral or other credit support with proceeds from the DIP Credit Agreement) or any amendments thereto or waivers thereunder (including, without limitation, any amendments, waivers or other modifications of any of the DIP Documents) that may be contemplated by, or required in connection with, the DIP Credit Agreement, the other DIP Documents and the Financing Transactions, and incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, as such Authorized Officer shall in his or her judgment determine to be necessary or appropriate to consummate the transactions contemplated by the DIP Documents, which determination shall be conclusively evidenced by such Authorized Officer's execution or delivery thereof;

**FURTHER RESOLVED**, that the Sole Member hereby authorizes and empowers each Authorized Officer to authorize the DIP Lenders to file any UCC financing statements, mortgages, notices, and any necessary assignments for security or other documents in the name of the Company that the DIP Lenders deem necessary or appropriate to perfect any lien or security interest granted under the DIP Documents, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company and such other filings in respect of intellectual and other property of the Company, in each case as the DIP Lenders may reasonably request to perfect the security interests granted under the DIP Documents;

**FURTHER RESOLVED**, that the Sole Member hereby authorizes and empowers each Authorized Officer, in consultation with the Sole Member, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Documents or any of the other DIP financing documents, and to execute and file on behalf of the Company all petitions, schedules, lists and other motions, papers or documents, which shall in his or her sole judgment be necessary, proper or advisable, which determination shall be conclusively evidenced by such Authorized Officer's execution or delivery thereof;

**FURTHER RESOLVED**, that in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Sole Member hereby authorizes the Company to provide certain adequate protection to the RBL Secured Parties (the "***Adequate Protection Obligations***"), as documented in a proposed interim order (any such order, the "***Interim DIP Order***") and a proposed final order (any such order, the "***Final DIP Order***", and together with the Interim DIP Order, the "***DIP Orders***") described to the Sole Member and submitted for approval to the U.S. Bankruptcy Court;

**FURTHER RESOLVED**, that the Sole Member hereby approves the form, terms, and provisions of the DIP Orders to which the Company is or will be subject, and the actions and transactions contemplated thereby, and authorizes and empowers each Authorized Officer to take such actions and negotiate, or cause to be prepared and negotiated, and to execute, deliver, perform,

and cause the performance of, the DIP Orders and the DIP Documents, incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, on substantially the terms and subject to the conditions described to the Sole Member, with such changes, additions, and modifications thereto as the Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by such Authorized Officer's execution or delivery thereof;

**FURTHER RESOLVED**, that the Sole Member hereby authorizes the Company, as a debtor and debtor-in-possession under the Bankruptcy Code, to incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "***Adequate Protection Transactions***");

**FURTHER RESOLVED**, that the Sole Member hereby authorizes and empowers each Authorized Officer to take such actions as in their discretion is determined to be necessary, appropriate, or advisable and execute the Adequate Protection Transactions, including delivery of: (i) the DIP Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments to any DIP Documents (collectively, the "***Adequate Protection Documents***"); (ii) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the RBL Secured Parties; and (iii) such forms of deposit, account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Documents or any other Adequate Protection Documents;

**FURTHER RESOLVED**, that the Sole Member hereby authorizes and empowers each Authorized Officer to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Adequate Protection Transactions and all fees and expenses incurred by or on behalf of the Company in connection with this written consent, in accordance with the terms of the Adequate Protection Documents, which shall in their sole judgment be necessary, appropriate, or advisable to perform any of the Company's obligations under or in connection with the DIP Orders or any of the other Adequate Protection Documents and the transactions contemplated thereby and to carry out fully the intent of this written consent;

### *Retention of Professionals*

**FURTHER RESOLVED**, that the Sole Member hereby approves and ratifies the Company's engagement of Vinson & Elkins L.L.P. ("***V&E***") as general bankruptcy counsel to represent and assist the Company and ImPetro Operating in carrying out their duties under the Bankruptcy Code in the U.S. Bankruptcy Court, and to take any and all actions to advance the Company's and ImPetro Operating's respective rights and obligations, including filings and pleadings, and each Authorized Officer is hereby authorized and empowered to take such actions as may be required to so engage V&E for such purposes; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and empowered to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of V&E;

**FURTHER RESOLVED**, that the Sole Member hereby approves and ratifies the Company's engagement of Barclays Capital, Inc. ("***Barclays***") as investment banker and financial

advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code in the U.S. Bankruptcy Court, and to take any and all actions to advance the Company's rights and obligations, and each Authorized Officer is hereby authorized and empowered to take such actions as may be required to so engage Barclays for such purposes; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and empowered to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of Barclays;

**FURTHER RESOLVED**, that the Sole Member hereby approves and ratifies the Company's engagement of Opportune LLP ("**Opportune**") as operational financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code in the U.S. Bankruptcy Court, and to take any and all actions to advance the Company's rights and obligations, and each Authorized Officer is hereby authorized and empowered to take such actions as may be required to so engage Opportune for such purposes; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and empowered to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of Opportune;

**FURTHER RESOLVED**, that the Sole Member hereby approves and ratifies the Company's engagement of BDO, USA LLP ("**BDO**") as accountants and tax advisors to represent and assist the Company in carrying out its duties under the Bankruptcy Code in the U.S. Bankruptcy Court, and to take any and all actions to advance the Company's rights and obligations, and each Authorized Officer is hereby authorized and empowered to take such actions as may be required to so engage BDO for such purposes; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and empowered to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of BDO;

**FURTHER RESOLVED**, that the Sole Member hereby approves and ratifies the Company's engagement of Stretto ("**Stretto**") as notice, claims and solicitation agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code in the U.S. Bankruptcy Court, and to take any and all actions to advance the Company's rights and obligations, and each  Authorized Officer is hereby authorized and empowered to take such actions as may be required to so engage Stretto for such purposes; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and empowered to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of Stretto;

**FURTHER RESOLVED**, that each Authorized Officer is hereby authorized and empowered to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and empowered to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary;

*General Authorization*

    **FURTHER RESOLVED**, that each of the Authorized Officer be, and each (acting alone) hereby is, authorized, empowered and directed, for and on behalf of the Company, to execute and deliver the agreements approved by these resolutions and all such modifications, amendments, supplements, extensions and other documents, instruments or certificates thereto or required in connection therewith in the name and on behalf of the Company, as the Authorized Officer may deem necessary, advisable or appropriate to effectuate the agreement, the Company's authorization and approval thereof evidenced by the Authorized Officer's execution and delivery thereof, and to do and perform all such acts and things and enter into, execute, acknowledge, deliver and file all such certificates, agreements, acknowledgments, instruments, contracts, statements and other documents and to take such further actions as they may deem necessary or appropriate to effect the intent and accomplish the purposes of the foregoing resolutions, with the taking of any such action by the Authorized Officer being conclusive evidence that the same did meet such standards as set forth above;

    **FURTHER RESOLVED**, that the Sole Member hereby authorizes and empowers each Authorized Officer, on behalf of the Company, to certify and attest to any documents that he or she may deem necessary, appropriate, or convenient to consummate any transactions necessary to effectuate the foregoing resolutions; provided, such attestation shall not be required for the validity of any such documents; and

    **FURTHER RESOLVED**, that any and all actions taken by an officer, employee or representative of the Company prior to the date of adoption of the foregoing resolutions, which would have been authorized by the foregoing resolutions but for the fact that such actions were taken prior to such date, be, and each hereby is, ratified, approved, confirmed and adopted as a duly authorized act of the Company in all respects and for all purposes.

    [*The remainder of this page is intentionally blank.*]

**IN WITNESS WHEREOF**, the undersigned, being the Sole Member has approved, consented to and adopted the foregoing resolutions effective as of the date first above written.

**SOLE MEMBER:**

**BRUSHY RESOURCES, INC.**

By: _____
Name:    Joseph C. Daches
Title:     Chief Executive Officer, President & Chief
           Financial Officer

*Signature Page to Written Consent of*
*the Sole Member of ImPetro Resources, LLC*
*(Chapter 11 Filing)*

**Fill in this information to identify the case and this filing:**

Debtor Name ___ImPetro Resources, LLC___

United States Bankruptcy Court for the: ___Southern___ District of ___Texas___
(State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration___Corporate Resolutions___

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __06/28/2020__
MM / DD / YYYY

Signature of individual signing on behalf of debtor

___Joseph C. Daches___
Printed name

___Chief Executive Officer, President, and Chief Financial Officer___
Position or relationship to debtor

Fill in this information to identify the case:

| | |
|---|---|
| Debtor name: Lilis Energy, Inc., et al., | |
| United States Bankruptcy Court for the Southern District of Texas | |
| Case number (If known): _____ | |

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 50 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | ELITE WELL SERVICES, LLC ATTN: JEFF JORDAN PRESIDENT 2702 NORTH FREEMAN AVE. ARTESIA, NM 88210 | JEFF JORDAN EMAIL - PHONE - 575-736-4411 | Trade | | | | $ 2,839,174 |
| 2 | WAR HORSE RESOURCES, LLC ATTN: DANNY FORD OWNER 3030 NW EXPRESSWAY STE 200 B OKLAHOMA CITY, OK 73112 | DANNY FORD EMAIL - dford@warhorseresources.com PHONE - 405-239-0923 | Trade | | | | $ 1,985,994 |
| 3 | HELMERICH & PAYNE INTERNATIONAL DRILLING ATTN: JOHN W. LINDSAY PRESIDENT 1437 SOUTH BOULDER AVE TULSA, OK 74119 | JOHN W. LINDSAY EMAIL - accountmanagement@hpidc.com PHONE - 918-742-5531 | Trade | | | | $ 1,393,463 |
| 4 | FESCO, LTD. ATTN: STEVE FINDLEY PRESIDENT 1000 FESCO AVE. ALICE, TX 78332 | STEVE FINDLEY EMAIL - PHONE - 361-667-7000 | Trade | | | | $ 761,198 |
| 5 | ZEALOUS ENERGY SERVICES, LLC ATTN: KENNETH DOC LEBLANC PRESIDENT 899 REES ST BREAUX BRIDGE, LA 70517 | KENNETH DOC LEBLANC EMAIL - PHONE - 337-332-4390 | Trade | | | | $ 660,421 |
| 6 | QES WIRELINE LLC ATTN: CHRISTOPHER J. BAKER PRESIDENT 1415 LOUISIANA STE. 2900 HOUSTON, TX 77002 | CHRISTOPHER J. BAKER EMAIL - info@qesinc.com PHONE - 832-518-4094 | Trade | | | | $ 639,874 |
| 7 | APPLIED US ENERGY INC. ATTN: JIM JEFFIERS VICE PRESIDENT 22510 NETWORK PLACE CHICAGO, IL 60673-1225 | JIM JEFFIERS EMAIL - jjeffiers@applied.com PHONE - 877-279-2799 | Trade | | | | $ 613,184 |
| 8 | B&L PIPECO SERVICES, INC ATTN: STEVE TAIT PRESIDENT 20465 SH STE 200 HOUSTON, TX 77070 | STEVE TAIT EMAIL - PHONE - 281-955-3500 | Trade | | | | $ 575,272 |
| 9 | CULBERSON CONSTRUCTION LLC ATTN: BRAD CULBERSON PRESIDENT 4500 COLONY RD GRANBURY, TX 76048 | BRAD CULBERSON EMAIL - PHONE - 817-573-3079 | Trade | | | | $ 546,765 |
| 10 | KD TRUCKING, LLC ATTN: BALDO NEVAREZ OWNER 7424 FM 52 PERRIN, TX 76486 | BALDO NEVAREZ EMAIL - kdtruckingllc@gmail.com PHONE - 940-229-0290 | Trade | | | | $ 538,339 |
| 11 | SCM WATER, LLC ATTN: JOHN POARCH PRESIDENT 20329 STATE HIGHWAY 249, FIR 4 HOUSTON, TX 77070 | JOHN POARCH EMAIL - PHONE - 281-655-3200 | Trade | | | | $ 487,328 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 12 | EVENT SOLUTIONS OF LOUISIANA, LLC ATTN: FRANK GERAMI PRESIDENT 1701 W. WILLOW STREET LAFAYETTE, LA  70583 | FRANK GERAMI EMAIL - PHONE - 337-261-3378 | Trade | | | | $          443,905 |
| 13 | ALLSTATES PRODUCTION EQUIPMENT CO, LLC ATTN: J. SCOT LEE PRESIDENT 1217 SE 29TH STREET OKLAHOMA CITY, OK  73143 | J. SCOT LEE EMAIL - allstates@coxinet.net PHONE - 405-672-2323 | Trade | | | | $          413,051 |
| 14 | CLEARPOINT CHEMICALS, LLC ATTN: HARLAN FOSTER CEO 18300 SCENIC HIGHWAY 98 SUITE F FAIRHOPE, AL  36532 | HARLAN FOSTER EMAIL - PHONE - 251-990-7311 | Trade | | | | $          400,000 |
| 15 | PHOENIX TECHNOLOGY SERVICES USA INC. ATTN: MIKE BUKER PRESIDENT 12329 CUTTEN ROAD HOUSTON, TX  77066 | MIKE BUKER EMAIL - PHONE - 713-337-0600 | Trade | | | | $          368,261 |
| 16 | WEST TEXAS WATER WELL SERVICE ATTN: RUSSELL SOUTHERLAND PRESIDENT 3410 MANKINS AVE ODESSA, TX  79764 | RUSSELL SOUTHERLAND EMAIL - russell@wtwws.com PHONE - 432-556-6621 | Trade | | | | $          338,173 |
| 17 | NEWPARK DRILLING FLUIDS LLC ATTN: GREGG S. PIONTEK SVP & CFO 9320 LAKESIDE BLVD. SUITE 100 THE WOODLANDS, TX  77381 | GREGG S. PIONTEK EMAIL - gpiontek@newpark.com PHONE - 281-754-8600 | Trade | | | | $          321,434 |
| 18 | BAKER HUGHES OILFIELD OPERATIONS ATTN: LORENZO SIMONELLI CEO 2929 ALLEN PARKWAY HOUSTON, TX  77019 | LORENZO SIMONELLI EMAIL - LORENZO.SIMONELLI@bakerhughes.com PHONE - | Trade | | | | $          275,632 |
| 19 | PLATINUM PIPE RENTALS, LLC ATTN: LARRY NUNEZ VICE PRESIDENT 2580 HIGHWAY 385 SOUTH ODESSA, TX  79766 | LARRY NUNEZ EMAIL - PHONE - 432-337-1111 | Trade | | | | $          257,890 |
| 20 | BRONCO OILFIELD SERVICES ATTN: MARK DEGARMO VICE PRESIDENT 4001 W. 7TH STREET ELK CITY, OK  73644 | MARK DEGARMO EMAIL - mdegarmo@broncoservices.com PHONE - 337-359-9960 | Trade | | | | $          251,750 |
| 21 | PETROSTAR SERVICES, LLC ATTN: JIM BROWN CEO 4350 LOCKHILL SELMA RD SUITE 150 SAN ANTONIO, TX  78249 | JIM BROWN EMAIL - PHONE - 210-463-9929 | Trade | | | | $          246,049 |
| 22 | HAMMER DOWN OILFIELD SERVICES, LLC ATTN: GLEN SHEPARD PRESIDENT 1136 N. KIRKWOOD HOUSTON, TX  77043 | GLEN SHEPARD EMAIL - PHONE - 281-870-9182 | Trade | | | | $          229,859 |
| 23 | BUTCHS RAT HOLE & ANCHOR SERVICE INC ATTN: SCOTT BRYANT PRESIDENT 700 AUSTIN STREET LEVELLAND, TX  79336 | SCOTT BRYANT EMAIL - PHONE - 806-894-6294 | Trade | | | | $          225,130 |
| 24 | 5J OILFIELD SERVICES, LLC ATTN: TONY CASHION VICE PRESIDENT OF BUSINESS DEVELOPMENT 4090 N. US HWY. 79 PALESTINE, TX  75801 | TONY CASHION EMAIL - PHONE - 903-729-0969 | Trade | | | | $          224,500 |
| 25 | RIGUP INC ATTN: XUAN YONG CEO 111 CONGRESS AVE SUITE 900 AUSTIN, TX  78701 | XUAN YONG EMAIL - PHONE - 512-501-5452 | Trade | | | | $          222,070 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 26 | GR LIFT LP ATTN: WAYNE RICHARDS PRESIDENT 2150 TOWN SQUARE PL STE 410 SUGAR LAND, TX  77479 | WAYNE RICHARDS EMAIL - PHONE - 281-201-6812 | Trade | | | | $       210,583 |
| 27 | 4-STAR TANK RENTAL LP ATTN: TODD ETHRIDGE CEO 657 E HIGHWAY 115 KERMIT, TX  79745 | TODD ETHRIDGE EMAIL - todd.ethridge@4startankrental.com PHONE - 432-586-3111 | Trade | | | | $       208,275 |
| 28 | A.C.T. EQUIPMENT COMPANY LLC ATTN: DONALD A. SPURLOCK PRESIDENT 304 NW MUSTANG DR ANDREWS, TX  79714 | DONALD A. SPURLOCK EMAIL - donald@actequipmentllc.com PHONE - 432-523-4184 | Trade | | | | $       206,043 |
| 29 | IMPERATIVE CHEMICAL PARTNERS, INC. ATTN: BRANDON MARTIN SVP OF STRATEGIC ACCOUNTS 201 W. WALL STREET SUITE 900 MIDLAND, TX  79701 | BRANDON MARTIN EMAIL - PHONE - 877-523-3147 | Trade | | | | $       204,141 |
| 30 | SELECT ENERGY SERVICES ATTN: HOLLI LADHANI CEO 1233 WEST LOOP SOUTH SUITE 1400 HOUSTON, TX  77027 | HOLLI LADHANI EMAIL - PHONE - 713-235-9500 | Trade | | | | $       200,816 |
| 31 | MARSZ SAFETY, LLC ATTN: SEAN FARNSWORTH OWNER 415 GREENWICH BLVD SAN ANTONIO, TX  78209 | SEAN FARNSWORTH EMAIL - PHONE - 210-560-6705 | Trade | | | | $       199,460 |
| 32 | FLEX LEASING POWER & SERVICES LLC ATTN: MARK G. SCHNEPEL CEO 6400 S FIDDLERS GREEN CIRCLE SUITE 900 GREENWOOD VILLAGE, CO  80111 | MARK G. SCHNEPEL EMAIL - PHONE - 720-573-7664 | Trade | | | | $       191,453 |
| 33 | BELL SUPPLY COMPANY, LLC ATTN: BOB HUBER VICE PRESIDENT - OPERATIONS 3314 E HWY 82 GAINESVILLE, TX  76240 | BOB HUBER EMAIL - bhuber@bellsupplystores.com PHONE - 940-665-1486 | Trade | | | | $       177,036 |
| 34 | BLACK STAR ENERGY SERVICES, LLC ATTN: KEVIN BLACKWOOD PRESIDENT 12401 WCR 100 ODESSA, TX  79765 | KEVIN BLACKWOOD EMAIL - kevin.blackwood@blackstarenergyservices.com PHONE - 432-272-3395 | Trade | | | | $       173,759 |
| 35 | BASIC ENERGY SERVICES, L.P ATTN: KEITH L. SCHILLING CEO 801 CHERRY STREET SUITE 2100 FORT WORTH, TX  76102 | KEITH L. SCHILLING EMAIL - PHONE - 830-334-4010 | Trade | | | | $       171,115 |
| 36 | BELCO MANUFACTURING CO., INC. ATTN: RICK RAMIREZ OPERATIONS MANAGER 2303 TAYLORS VALLEY ROAD BELTON, TX  76513-0210 | RICK RAMIREZ EMAIL - PHONE - 254-933-9000 | Trade | | | | $       165,352 |
| 37 | THE WELLBOSS COMPANY, LLC ATTN: JEFF MCNAMARA PRESIDENT 12450 CUTTON RD. HOUSTON, TX  77066 | JEFF MCNAMARA EMAIL - PHONE - 281-820-2545 | Trade | | | | $       162,418 |
| 38 | FNG CONSTRUCTION, INC ATTN: COURTNEY SETTLE PRESIDENT 1816 6TH AVE FORT WORTH, TX  76110 | COURTNEY SETTLE EMAIL - contact@fngconstructioninc.com PHONE - 432-232-3766 | Trade | | | | $       157,217 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts,  bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount.  If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 39 | PLATINUM OILFIELD SERVICES LLC ATTN: MIKE SANCHEZ OWNER 109 W BROADWAY ST ANDREWS, TX  79714 | MIKE SANCHEZ EMAIL - PHONE - 432-634-0180 | Trade | | | | $              153,930 |
| 40 | TALL CITY WELL SERVICE CO,. LP ATTN: ROBERT ACUNA SAFTEY MANAGER 6001 S HWY 385 ODESSA, TX  79766 | ROBERT ACUNA EMAIL - robert.acuna@tcws.com PHONE - 432-332-8863 | Trade | | | | $              143,121 |
| 41 | PORTER HEDGES LLP ATTN: ROBERT G. REEDY MANAGING PARTNER 1000 MAIN STREET 36TH FLOOR HOUSTON, TX  77002 | ROBERT G. REEDY EMAIL - rreedy@porterhedges.com PHONE - 713-226-6674 | Trade | | | | $              138,032 |
| 42 | VERDAD OIL & GAS CORPORATION ATTN: WILL BEECHERL CEO 5950 SHERRY LANE SUITE 700 DALLAS, TX  75225 | WILL BEECHERL EMAIL - PHONE - 214-838-3000 | Trade | | | | $              133,171 |
| 43 | ONYX CONTRACTORS OPERATIONS, LP ATTN: CHRISTI BROWN CFO 1010 FM 1788 MIDLAND, TX  79706 | CHRISTI BROWN EMAIL - christi@onyxcontractors.com PHONE - 432-561-8900 | Trade | | | | $              121,965 |
| 44 | JOHNSON SPECIALTY TOOLS, LLC ATTN: CRAIG JOHNSON FOUNDER 11208 WEST COUNTY RD. 46 MIDLAND, TX  79707 | CRAIG JOHNSON EMAIL - PHONE - 432-618-121 | Trade | | | | $              120,111 |
| 45 | WELLFIRST TECHNOLOGIES, INC. ATTN: DEREK MARTIN DISTRICT MANAGER 2209 E LOOP 281 LONGVIEW, TX  75605 | DEREK MARTIN EMAIL - dmartin@wellfirst.com PHONE - 361-813-8504 | Trade | | | | $              113,718 |
| 46 | NATIONAL OILWELL DHT, L.P. ATTN: CLAY WILLIAMS CEO 7909 PARKWOOD CIRCLE DRIVE HOUSTON, TX  77036 | CLAY WILLIAMS EMAIL - PHONE - 713-375-3700 | Trade | | | | $              113,054 |
| 47 | RWLS, LLC ATTN: MATT GRAY PRESIDENT 1302 HOUSTON ST LEVELLAND, TX  79336 | MATT GRAY EMAIL - mgray468@aol.com PHONE - 806-897-0735 | Trade | | | | $              110,695 |
| 48 | GRYPHON OILFIELD SOLUTIONS, LLC ATTN: ANDY EASTON PRESIDENT 11300 WINDFERN ROAD HOUSTON, TX  77064 | ANDY EASTON EMAIL - PHONE - 281-738-3110 | Trade | | | | $              104,968 |
| 49 | SES HOLDINGS, LLC ATTN: PAT ANDERLE PRESIDENT 1002 CARPENTER ST BRIDGEPORT, TX  76426 | PAT ANDERLE EMAIL -  panderle@peakoilservices.com PHONE - 940-683-1600 | Trade | | | | $               99,907 |
| 50 | HEMMEN ASSOCIATES, INC. ATTN: JAMES HAZELBUSH ENGINEER 5375 E LOOP 281 LONGVIEW, TX  75602 | JAMES HAZELBUSH EMAIL - jamesh@hpumpsystems.com PHONE - 970-629-1738 | Trade | | | | $               96,815 |

---

**Fill in this information to identify the case and this filing:**

Debtor Name ___ImPetro Resources, LLC___

United States Bankruptcy Court for the: ___Southern___ District of ___Texas___
(State)

Case number (*If known*): _____

---

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

---

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

- ☐ *Schedule H: Codebtors* (Official Form 206H)

- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

- ☐ Amended *Schedule* _____

- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

- ☐ Other document that requires a declaration_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _06/28/2020_
MM / DD / YYYY

_Signature of individual signing on behalf of debtor_

___Joseph C. Daches___
Printed name

___Chief Executive Officer, President, and Chief Financial Officer___
Position or relationship to debtor

---

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Case No. 20-[●]** |
| | § | |
| **IMPETRO RESOURCES, LLC,** | § | **(Chapter 11)** |
| | § | |
| | § | **(Joint Administration Requested)** |
| **Debtor.** | § | **(Emergency Hearing Requested)** |

**LIST OF EQUITY SECURITY HOLDERS[1]**

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following identifies all holders having a direct or indirect ownership interest of the above captioned debtor in possession (the "***Debtor***").

| Name and Last Known Address or Place of Business of Holder | Kind/Class of Interest | Percentage of Interests Held |
|---|---|---|
| Brushy Resources, Inc. | Common | 100% |

---

[1]   This list serves as the required disclosure by the Debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed are as of the date of commencement of the chapter 11 cases.

1

## CORPORATE OWNERSHIP STATEMENT (RULES 1007 (a)(1) and 7007.1)

Pursuant to Federal Rules of Bankruptcy Procedure 1007 (a)(1) and 7007.1, the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests:

| Debtor | Corporate Equity Holder(s) | Address of Corporate Equity Holder(s) | Percentage of Equity Held |
|---|---|---|---|
| ImPetro Resources, LLC | Brushy Resources, Inc. | 201 Main Street, Suite 700, Fort Worth, Texas 76102 | 100% |

**Fill in this information to identify the case and this filing:**

Debtor Name ___ImPetro Resources, LLC_____

United States Bankruptcy Court for the: ___Southern___ District of ___Texas___
                                                                    (State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑ Other document that requires a declaration___List of Equity Security Holders and Corporate Ownership Statements___

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __06/28/2020__              û _____
             MM / DD / YYYY               Signature of individual signing on behalf of debtor

                                          ___Joseph C. Daches_____
                                          Printed name

                                          ___Chief Executive Officer, President, and Chief Financial Officer___
                                          Position or relationship to debtor